IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIJ ROYAL, | : | |
| | : | 1:12-cv-0914 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| WARDEN FRANK STRADA, | : | |
| | : | |
| Respondent. | : | |

## MEMORANDUM

### August 28, 2012

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc.8), filed on August 7, 2012, which recommends that Petitioner Lij Royal's ("Petitioner" or "Royal") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied.   No objections to the R&R have been filed by any party.[1]  For the reasons set forth below, the Court will adopt the R&R in its entirety.

---

[1] Objections were due by August 24, 2012.

## I.   STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.   PROCEDURAL BACKGROUND

Petitioner, proceeding *pro se*, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 16, 2012. (Doc. 1). Within the petition, Royal claims that the Federal Bureau of Prisons ("BOP") discriminated against him when evaluating his request for placement in a Residential Re-Entry

Center ("RRC"), and that the BOP officials abused their discretion in denying his request.  On June 14, 2012, Respondent Frank Strada filed his timely response to the habeas petition, and Petitioner filed his Traverse in reply on June 28, 2012. Magistrate Judge Blewitt's R&R addresses the merits of the petition.  As noted above, he recommends that the petition be denied due to Royal's failure to exhaust his administrative remedies.

## III.   DISCUSSION

Within the R&R, Magistrate Judge Blewitt thoroughly reviews the claims set forth by Petitioner.  In particular, Royal asserts that he attempted to complete the final step of the BOP's administrative review process, but was unable to do so because the United States Postal Service ("USPS") returned his final appeal as damaged mail.[2]

In the R&R, Magistrate Judge Blewitt thoroughly explains that the BOP has a three-tiered administrative remedy process.  To summarize, at the first step, the inmate submits an informal complaint to the BOP staff, to which the BOP staff must respond with an attempted informal resolution.  If unsatisfied with the result

---

[2] We note that Petitioner also claims he is not jurisdictionally required to exhaust his administrative remedies prior to filing a habeas petition.  While it is true that there is no statute requiring exhaustion, we agree with Magistrate Judge Blewitt's assessment that it is well-settled within this Court that complete exhaustion of administrative remedies is a prerequisite to filing a habeas corpus petition.  (See *infra* p. 4).

3

of this first step, the inmate may appeal to the warden of the institution via a

standardized form. The warden then has twenty (20) calendar days to respond. If

unsatisfied with the warden's response, an inmate may take the third step which is

an appeal to the BOP Regional Director.  The inmate has twenty (20) calendar days

from the receipt of the warden's response to file an appeal with the BOP Regional

Director.  If the inmate remains displeased after receiving a response from the BOP

Regional Director, the final step in the process is an appeal to the BOP Central

Office.  This final appeal must be made by the inmate within thirty (30) calendar

days of receiving the Central Office's response.  As Magistrate Judge Blewitt

articulated in his R&R, this Court has consistently held that "[n]o administrative

remedy appeal is considered to have been fully exhausted until it has been denied

by the Bureau of Prison's Central Office." *Quinjano v. U.S. Parole Comm'n*, No. 3:

11CV367, 2011 WL 3273072, at *3 (M.D. Pa., July 29, 2011).  *See also Sharpe v.

Costello*, 289 F. App'x 475, 478 (3d Cir. 2008); *Delacruz v. Bledsoe*, Civil No.

1:10-CV-139, 2010 WL 1791241, at *4 (M.D. Pa., Mar. 3, 2010).

The undisputed record in this case demonstrates that Petitioner's appeal to the

BOP's Regional office was denied on April 25, 2012. (Doc. 6, p. 5 & Doc. 7, p. 8).

Therefore, Royal had until May 25, 2012 to file his final appeal to the Central

Office. Because the returned mail, which allegedly contained Petitioner's final

appeal attempt, lacked any reference to the return date, it is unclear whether Royal received notice that his appeal did not reach the Central Office of the BOP prior to the passing of his deadline to appeal.  However, this potential issue is made moot by the fact that Royal filed this petition on May 16, 2012, nine (9) calendar days before the deadline for his final appeal with the Central Office of the BOP.  Thus, at the time Petitioner filed the instant action, he had not exhausted his administrative remedies, which were still available to him.  Thus, Magistrate Judge Blewitt concluded, and we agree, that Royal's contention that he should be excused from exhaustion is without merit and his petition must be denied.

As we have already mentioned, neither the Respondent nor the Petitioner has filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.